1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11   TAMMY HUNTELMAN,                    Case No. CV 15-9703 JAK (SSx)

12              Plaintiff,

                                         **MEMORANDUM AND ORDER RE:**
13        v.
                                         **STIPULATION FOR ENTRY OF**
14
     CROSS AMERICA FINANCIAL, LLC,       **PROTECTIVE ORDER**
15   et al.,
                                         **(Dkt. No. 20)**
16              Defendants.

17

18        The   Court   has   received   and   considered   the   Parties'

19   "Stipulation Regarding Confidential Designation" in support of

20   their request for a protective order (the "Proposed Order"). (Dkt.

21   No. 20).  The Court cannot adopt the Proposed Order as stipulated

22   to by the parties.  The parties may submit a revised stipulated

23   protective order, but must correct the following deficiencies:

24

25        The Proposed Order does not describe with particularity the

26   items to be protected, any privilege that applies to these items,

27   or the harm that could be reasonably be anticipated to result from

28   their public disclosure.  (Proposed Order at 2:17-3:4, ¶ 2(a)).

For example, the Proposed Order purports broadly to protect all "commercial information" so long as the producing party "reasonably believes" the material "warrants confidential treatment," which could be construed to encompass nearly everything related to a company or in a party's possession.  (Id. at 3:2, ¶ 2(a)(4)). Documents to be protected should be described with specificity. Here, the Proposed Order is overbroad because it does not clearly identify the specific documents or specific categories of documents sought to be protected.

However, if the parties seek a "blanket" protective order, as opposed to an order protecting individually-identified documents, the stipulation must state the justification for this type of protective order.  See Blum v. Merrill Lynch Pierce Fenner & Smith, Inc., 712 F.3d 1349, 1352 n.1 (9th Cir. 2013) (defining a "blanket" protective order as an order that is obtained without "making a particularized showing of good cause with respect to any individual document") (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1138 (9th Cir. 2003)); Perry v. Brown, 667 F.3d 1078, 1086 (9th Cir. 2012) (blanket protective orders often cover materials that would not qualify for protection if subjected to individualized analysis).

Second, parties are required to show "good cause" for protecting the particular documents or categories of documents at issue from public disclosure.  See Foltz, 331 F.3d at 1130 (court's protective order analysis requires examination of good cause) (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1212 (9th

Cir. 2002)).   Federal Rule of Civil Procedure 26(c) requires a "particularized showing" of good cause in order for the court to enter a protective order.   Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006) (internal citations omitted); see also Fed. R. Civ. P. 26(c).   Here, the Proposed Order fails to include an adequate statement of good cause.

In addition, the procedures set forth in the Proposed Order for bringing confidentiality designation disputes to the Court fail to comply with the provisions of Local Rule 37.   (See id. at 5:15-6:2, ¶ 2(i)(1)).   For example, Local Rule 37-1 requires the parties to meet and confer within ten days after the party raising the discovery dispute sends a letter to opposing counsel identifying the dispute and the authority upon which the moving party is relying.   (C.D. Cal. L.R. 37-1).   The Rule further provides that the parties must meet and confer in person where, as here, counsel for both sides are located in the same county.   (Id.). Additionally, Local Rule 37-2 requires the parties to submit any discovery dispute to the Court in the form of a Joint Stipulation and sets forth the procedures for doing so.   (C.D. Cal. L.R. 37-2).   For the same reasons, the procedures set forth in the Proposed Order for bringing disputes to the Court regarding the disclosure of confidential materials to persons other than "Qualified Persons" fail to comply with the provisions of Local Rule 37.   (See Proposed Order at 8:10-17, ¶ 2(m)).

Finally, the procedures in the Proposed Order for including confidential information and documents in Court filings improperly

1    cite to the California Rules of Court.  (See id. at 8:22, ¶ 2(n)).

2    Any requests to file materials under seal must comply with the

3    procedures set forth in this Court's Local Rule 79-5.

4

5        The parties are advised that there is a "strong presumption

6    in favor of [public] access to court records."  Foltz, 331 F.3d at

7    1135.  In any revised stipulated protective order, the parties

8    should include a statement demonstrating good cause for entry of a

9    protective order pertaining to the specific documents, materials

10   or information described in the order.  The paragraph containing

11   the statement of good cause should be preceded by the heading "GOOD

12   CAUSE STATEMENT."  The Good Cause Statement should be edited to

13   discuss information that applies to the instant case, specifying

14   any privilege or privileges being invoked and the harm or prejudice

15   that would result from the disclosure of confidential information

16   likely to be produced, assuming no protective order is entered.

17   See id. at 1130 ("A party asserting good cause bears the burden,

18   for each particular document it seeks to protect, of showing that

19   specific prejudice or harm will result if no protective order is

20   granted.").

21

22       All future discovery documents shall include the following in

23   the caption: "[**Discovery Document: Referred to Magistrate Judge**

24   **Suzanne H. Segal**]."  The Court's website (see http://www.cacd.

25   uscourts.gov) contains additional guidance regarding protective

26   orders and a sample protective order.  This information is

27   available in Judge Segal's section of the link marked "Judges'

28   Procedures & Schedules."  The parties may submit a revised

4

1   Stipulation   and   [Proposed]   Protective   Order   for   the   Court's

2   consideration.

3

4       IT IS SO ORDERED.

5

6   DATED:  July 28, 2016

7

8                                        _____/S/_____
                                         SUZANNE H. SEGAL
9                                        UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28